724 F.Supp. 1197 (1989)
Jerry D. RICHI, Plaintiff,
v.
FRUEHAUF CORPORATION, Defendant.
No. C-C-87-244-P.
United States District Court, W.D. North Carolina, Charlotte Division.
March 7, 1989.
Joyce M. Brooks, P.A., Charlotte, N.C., for plaintiff.
Ernest S. DeLaney, III, Charlotte, N.C., for defendant.

MEMORANDUM OF DECISION AND ORDER
ROBERT D. POTTER, Chief Judge.
This is an age discrimination case.
Plaintiff filed a Complaint on May 22, 1987 alleging violation by the Defendant of 29 U.S.C. § 621, et seq.
This action came on for trial at Charlotte, North Carolina on February 27 and 28, 1989. Plaintiff was represented by Joyce Brooks, Esquire, and Defendant by Michael DeLaney III, Esquire.
At the conclusion of the Plaintiff's evidence, Defendant moved for a directed verdict pursuant to Rule 50 of the Federal Rules of Civil Procedure on the ground that the Plaintiff had not produced sufficient evidence to make a prima facie case of age discrimination.
Taking all the Plaintiff's evidence into consideration in the light most favorable to the Plaintiff, his evidence shows the following:
(1) Plaintiff was employed by the Defendant in 1950, and discharged in 1986.
(2) At the time of his discharge, he was 58 years of age.
(3) Plaintiff worked in the Charlotte, North Carolina plant of the Defendant since 1970, which manufactures over-the-road trailers.

*1198 (4) Plaintiff was promoted to Assistant Plant Superintendent in 1975, at the age of 47.
(5) Plaintiff introduced into evidence Salaried Personnel Requisitions for the years 1979 through 1986. (Plaintiff's Exhibits [PX] 1 through 5), which contained under the heading "Remarks" statements that the Plaintiff continued to do an outstanding job with his people, (PX 1) continued to do an outstanding job managing the production and was a very dedicated and capable individual, (PX 2), continued to achieve the tasks associated with his position adequately (PX 3). PX 3 was dated 1981.
(6) In 1982, Paul Roice, who was the Plant Manager, demoted Plaintiff from Superintendent to Industrial Engineer, which did not entail any management of employees by Plaintiff. The apparent reason was that Defendant had received numerous grievances from the Union that Plaintiff had verbally abused employees, and Roice did not like Plaintiff's type of management. The demotion, however, did not result in any decrease in pay. Plaintiff, in 1982, was 54 years of age and there was no evidence that Plaintiff's age played any part in his demotion.
(7) Roice suggested to Plaintiff in 1982 that he should resign for medical reasons or take early retirement, neither of which Plaintiff was eligible for.
(8) It was apparent from the evidence that Roice wanted Plaintiff out because of his abrasive personality, at least in the view of Roice. There was no evidence that the reason for Roice's desire to have Plaintiff discharged was because of Plaintiff's age.
(9) In 1983 or 1984, when Plaintiff was 55 or 56 years of age, Roice requested that Plaintiff go back on the floor as Superintendent of the first shift.
(10) Then Roice was fired for poor job performance.
(11) Jim Caywood was then made Plant Manager.
(12) From the outset, Caywood wanted Plaintiff to get along with the hourly employees who had filed a number of grievances against the Plaintiff.
(13) In 1985, (PX 4), a personnel requisition signed by Jim Caywood, among others, included the language: "Mr. Richi's attitude towards plant, product, and people has greatly improved. Shop quality and efficiencies have improved under his guidance. He has a much more understanding, working relationship with his peers."
(14) On March 14, 1986, in a memo to Plaintiff from Olan Henderson, Assistant Plant Manager, (Defendant Exhibit (DX) 14), which was read into the record, Mr. Henderson stated to Mr. Richi, that "Effective immediately, when overtime is scheduled for weekends, as Plant Superintendent, you will also work the overtime hours scheduled." On the bottom of the letter, Mr. Richi wrote "No I won't. Jerry."
(15) The Plaintiff received another personnel requisition form in May 1986 (PX 5), which included under "Remarks": "Mr. Richi's accomplishments are well above the requirements of his position and he possesses many real strengths and no significant weaknesses in areas of importance. He continues to be an integral member of this plant's performance and is most deserving of this merit increase."
(16) After that, things began to go downhill again with Mr. Richi.
(17) The plant had received an order for trailers from Spartan Express. This was an order that Defendant needed to accomplish with dispatch and with quality work. There were a number of trailers when completed by the Defendant were not accepted by Spartan because of defective work-manship.

*1199 (18) On Friday, September 5, 1986, there was a meeting between Jim Caywood, Plant Manager, Olan Henderson, Assistant Plant Manager, and Plaintiff in which it was determined that the defective trailers would have to be reworked over the weekend and be ready for Monday morning.
(19) On Saturday Mr. Caywood, Mr. Henderson, and other management personnel were present together with the workforce, but the Plaintiff was not present.
(20) Mr. Henderson asked the Plaintiff on the following Monday morning why he was not there on Saturday. The Plaintiff's response was that he did not get paid to work overtime.
(21) Following that incident, the Plaintiff was terminated some two or three weeks later.
(22) Aside from the difficulties the Defendant had with the Plaintiff's attitude, abusive language to employees, and numerous grievance reports filed by the employees against the Plaintiff, PX 11, 12, 13, 14, there is just not any evidence of Plaintiff's discharge because of his age.
(23) Plaintiff's theory seems to be that the foul-up on the Spartan Express order was a problem for the Plant Manager, Jim Caywood, and that he had to place fault on someone, and that he picked Plaintiff because of his age  theory  no evidence.

CONCLUSIONS OF LAW
Plaintiff's evidence does not make a prima facie case of age discrimination.
Whether the evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the Court. ... [T]he federal courts do not follow the rule that a scintilla of evidence is sufficient. The question is not whether there is literally no evidence supporting the party against whom the Motion is directed, but whether there is evidence upon which a jury could properly find a verdict for that party.
Wright & Miller, Federal Practice and Procedure: Civil Section 2524.
It is axiomatic in ruling on a motion for directed verdict, pursuant to Rule 50, that the Court must view the evidence favorably to the party against whom the motion is made. Essentially, the question is whether there can be but one conclusion as to the verdict that reasonable men could reach.
The only question before the Court in this case is whether Plaintiff has produced sufficient evidence to make out a prima facie case that "but for" claimant's age he would have not have been discharged.
In Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir.1982) the court, in deciding the question of when there has been sufficient evidence to submit an age discrimination case to the jury, cited Ralston Purina Co. v. Edmunds, 241 F.2d 164, 168 (4th Cir.1957) stating:
Judge Sobeloff, finding insufficient the circumstantial (and opinion) evidence offered to prove the necessary causation in a products liability case, put it that only evidence "which shows a `probability' and not a mere `possibility'" would suffice to allow jury consideration.
There are number of ways in which a plaintiff may prove a prima facie case of age discrimination, depending on plaintiff's legal theory, i.e., disparate treatment, disparate impact, and the particular facts of the case. The McDonnell Douglas four element test (411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)) has been generally accepted as a guideline for establishing a prima facie case under the ADEA.
An additional requirement to the McDonnell Douglas elements is that the plaintiff in an ADEA case must also introduce some evidence that the employer's conduct was actually based on age. In other words, the Plaintiff in this case must do more than show that he is within the protected age group and adversely affected by the employer's decision. Plaintiff must show that age was a factor. EEOC v. Western Electric Co., Inc., 713 F.2d 1011, 1016 (4th Cir.1983); Toussaint v. Ford Motor Co., 581 F.2d 812 (10th Cir.1978).
*1200 Plaintiff here has not produced any direct evidence or specific instances of age discrimination. Neither has the Plaintiff produced any circumstantial or indirect evidence from which the Court could find that the Plaintiff was discharged because of his age.
The ADEA Act, Title 29, Section 623(a) states:
It shall be unlawful for an employer 
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because (emphasis added) of such individual's age.
(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise affect his status as an employee because (emphasis added) of such individual's age;
....
Plaintiff argues that Jim Caywood, the Plant Manager, had to blame someone for the failure to produce acceptable trailers for Spartan Express, and that he picked the Plaintiff. But the issue before the Court is whether or not the Plaintiff was fired because of age. The Plaintiff has simply not produced any evidence that he was.
There is nothing in the law yet which would deny an employer the prerogative of discharging a person if he is over forty, but only that the employer cannot discharge the employee because he is over forty.
The Court, having determined that Defendant's Motion for a directed verdict at the close of Plaintiff's evidence, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, should be granted.
NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for a directed verdict is GRANTED.